68 F.3d 487
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
The AD HOC COMMITTEE OF AZ-NM-TX-FL PRODUCERS OF GRAY
PORTLAND CEMENT, Plaintiff-Appellee,
v.
The UNITED STATES, Defendant-Appellee,
and
Cemex, S.A., Defendant-Appellant,
and
Apasco, S.A. de C.V., Defendant.
 No. 95-1129.
 United States Court of Appeals, Federal Circuit.
 Oct. 10, 1995.
 
 Before NIES, MAYER and LOURIE, Circuit Judges.
 PER CURIAM.
 
 
 1
 Cemex, S.A., appeals from the judgment of the United States Court of International Trade which affirmed Commerce's determination that Cemex's pre-sale home-market transportation costs should not be deducted from foreign market value (FMV) because those costs were not directly attributable to home-market sales. 865 F.Supp. 857 (Ct.Int'l Trade 1994). Although Commerce correctly recalculated the dumping margin without deducting Cemex's pre-sale transportation costs from FMV, it based this recalculation on a reconsideration decision that went beyond the limited scope of our remand in Ad Hoc Committee of AZ-NM-TX-FL Producers of Gray Portland Cement v. United States, 13 F.3d 398 (Fed.Cir.1994) ("Ad Hoc I ").
 
 
 2
 In Ad Hoc I, we considered "whether the foreign market value provision of the antidumping statute, 19 U.S.C. Sec. 1677b, authorizes a deduction from foreign market value of pre-sale transportation costs within the exporting country for goods sold within that country." 13 F.3d at 400. Because "Congress included a deduction for transportation costs from USP but not from FMV," we concluded that the antidumping statute is not silent and "that Congress did not intend pre-sale home-market transportation costs to be deducted from FMV." Id. at 402. We then remanded "with direction that Commerce recalculate the dumping margins involved in this case without [deducting pre-sale home-market transportation costs from FMV for goods sold within the exporting country]." Id. at 403.
 
 
 3
 Our instructions were specific and concise: Commerce was to recalculate the dumping margins without the deductions in question. On remand Commerce reconsidered whether it was appropriate to deduct pre-sale home-market transportation costs from FMV pursuant to the "circumstances of sale" provision of 19 U.S.C. Sec. 1677b(a)(4) (1988). Deciding that it was proper in some cases, it implemented new guidelines for applying the deductions rejected in Ad Hoc I. But using its newly created guidelines, Commerce determined that it should not deduct Cemex's pre-sale transportation costs from FMV due to Cemex's failure to prove that its costs were directly attributable to home-market sales. The net result, however, was that Commerce did recalculate the margins without the deductions prohibited by Ad Hoc I. We do not approve of Commerce's excursion beyond the mandate of Ad Hoc I but since the dumping margin presently calculated does not include the prohibited deduction, we affirm.